**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence Mastrantoni, | No.  CV-25-01417-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Froyo Maya Frozen Yogurt & Sweets LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Default Judgment (Doc. 18). Defendants have not yet appeared in this action and did not respond to the Motion. For the following reasons, the Court will grant the Motion.[1]

## I.      BACKGROUND

Plaintiff Lawrence Mastrantoni worked for Defendants as a cashier from September 26, 2024, through late October 2024. (Doc. 1 at 8, ¶¶ 36–38). Throughout his employment, Plaintiff worked between thirty-five and fifty hours per week at a pay rate of $15 per hour. (*Id.* at ¶¶ 39–40). Plaintiff worked in excess of forty hours during at least one week. (*Id.* at 10, ¶ 56). In Plaintiff's final two weeks of employment, Plaintiff earned approximately $300.00 in tips, which Defendants did not allow him to keep. (*Id.* at ¶¶ 60–62). Defendants

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

also did not pay Plaintiff any wages for his final week of employment, (*Id.* at 8–9, ¶¶ 44, 51), nor did Defendants pay Plaintiff any overtime wages. (*Id.* at 10, ¶¶ 57–59).

On April 28, 2025, Plaintiff filed a Complaint against Defendants for improper tip retention and unpaid minimum and overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and unpaid wages under the Arizona Minimum Wage Act, A.R.S. § 23-363 ("AMWA"), and the Arizona Wage Act, A.R.S. § 23-350 ("AWA"). (Doc. 1). Defendants Froyo Maya Frozen Yogurt & Sweets LLC ("Froyo Maya") and Boris Yuspov were served on May 2, 2025 (Docs. 6–7), and Defendant Gulchra Yuspov was served[2] on July 19, 2025 (Docs. 12–13). Defendants failed to answer or otherwise respond to the Complaint by the applicable deadlines. *See* Fed. R. Civ. P. 12(a)(1)(A). On June 4, 2025, Plaintiff filed an Application for Entry of Default against Defendants Froyo Maya and Boris Yuspov, pursuant to Federal Rule of Civil Procedure ("FRCP") 55(a), (Doc. 8), which the Clerk of Court entered the following day, (Doc. 9). On August 16, 2025, Plaintiff filed an Application for Entry of Default against Defendant Gulchra Yuspov, (Doc. 15), which the Clerk of Court entered two days later, (Doc. 16). Plaintiff subsequently filed the present Motion for Default Judgment on October 14, 2025, solely seeking default judgment on his unpaid overtime claim.[3] (Doc. 18 at 2).

## II.   DISCUSSION

### a.  Subject Matter Jurisdiction, Personal Jurisdiction, and Service

When default judgment is sought against a non-appearing party, a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). A court has a similar

---

[2] A Motion for Alternative Service was granted on July 11, 2025. (Doc. 12).

[3] In or around June 2025, the Arizona Industrial Commission assisted Plaintiff in the resolution of his claims "for unpaid minimum wages, non-minimum wages, and tips." (Doc. 18 at 2).

2

duty with respect to service of process. *See Fishman v. AIG Ins. Co.*, No. CV-07-00589-PHX-RCB, 2007 WL 4248867, at *3 (D. Ariz. Nov. 30, 2007) ("Because defendant has not been properly served, the court lacks jurisdiction to consider plaintiff's motions for default judgment."). These considerations are "critical because '[w]ithout a proper basis for jurisdiction, or in the absence of proper service of process, the district court has *no power to render any judgment* against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process.'" *Id.* (quoting *S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007)) (alteration in original).

The Court has subject matter jurisdiction because Plaintiff's FLSA claim invokes federal question jurisdiction. (*See* Doc. 1 at 2–3, ¶¶ 5, 7); *see also* 29 U.S.C. § 216(b) (an action to recover damages related to unpaid minimum wages may be maintained against employers "in any Federal or State court of competent jurisdiction."). As to personal jurisdiction, the Court has personal jurisdiction over Defendants because Defendants do business in Arizona, the alleged conduct occurred in Arizona, and Defendants were properly served. *See Pennoyer v. Neff*, 95 U.S. 714, 722 (1877) ("[E]very State possesses exclusive jurisdiction and sovereignty over persons and property within its territory."); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (recognizing that a federal court lacks personal jurisdiction over a defendant unless the defendant is properly served); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (Where "there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits."). According to the Complaint, Froyo Maya is a limited liability company that does business in Arizona. (Doc. 1 at 3–4, ¶¶ 10–11). Defendants Boris Yuspov and Gulchra Yuspov are the owners of Froyo Maya. (*Id.* at 4–5, ¶¶ 13, 15). Defendants Froyo Maya and Boris Yuspov were properly served on May 2, 2025, (Docs. 6–7), and Defendant Gulchra Yuspov was properly served on July 19, 2025, (Docs. 12–13); Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A); Ariz. R. Civ. P. 4.1(k). Having found that jurisdiction and service are proper, the Court now turns to whether default judgment is appropriate.

### b. Default Judgment Analysis: *Eitel* Factors

"A defendant's default does not automatically entitle a plaintiff to a default judgment." *Hartford Life & Accident Ins. Co. v. Gomez*, No. CV-13-01144-PHX-BSB, 2013 WL 5327558, at *2 (D. Ariz. Sept. 24, 2013). Instead, once a default has been entered, the district court has discretion to grant a default judgment. Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the Court may consider include: (1) the possibility of prejudice to the plaintiff; (2) the merits of the claim; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

### i. First, Fifth, Sixth, and Seventh *Eitel* Factors

"In cases like this one, in which Defendants have not participated in the litigation at all, the first, fifth, sixth, and seventh factors are easily addressed." *Zekelman Indus. Inc. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, at *3 (D. Ariz. Mar. 27, 2020). The first *Eitel* factor—the possibility of prejudice to Plaintiff—weighs in favor of granting default judgment. Defendants have failed to appear in this action, despite having been served on May 2, 2025, and July 19, 2025. (Docs. 6–7, 12–13). If the Court denies Plaintiff's Motion, Plaintiff will likely "be without other recourse for recovery." *Zekelman*, 2020 WL 1495210, at *3 (citing *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)).

The fifth and sixth *Eitel* factors—the possibility of a dispute concerning material facts and whether default was due to excusable neglect—also weigh in favor of granting default judgment. Given the sufficiency of the Complaint (discussed below) and Defendants' default, the Court finds that "no genuine dispute of material facts would preclude [the Court from] granting Plaintiff's motion." *PepsiCo*, 238 F. Supp. 2d at 1177.

4

Additionally, since Defendants were properly served and have never appeared in this case, the Court finds it unlikely that Defendants' failure to appear and the resulting default was the result of excusable neglect. *See Zekelman*, 2020 WL 1495210, at *4 ("Due to Defendants' failure to participate, there is no dispute over material facts (except as to damages) and no indication that default is due to excusable neglect.").

The seventh *Eitel* factor—the policy favoring a decision on the merits—generally weighs in favor of denying default judgment because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. This consideration is not dispositive, however, as default judgments exist to deal with wholly unresponsive parties. *Zekelman*, 2020 WL 1495210, at *4; *PepsiCo*, 238 F. Supp. 2d at 1177. Defendants' unexplained absence makes a decision on the merits impossible. Thus, the Court is not prohibited from entering default judgment against Defendants. *See Emp. Painters' Tr. v. Ethan Enters.*, 480 F.3d 993, 1000–01 (9th Cir. 2007); *Zekelman*, 2020 WL 1495210, at *4 ("[T]he default mechanism is necessary to deal with wholly unresponsive parties who could otherwise cause the justice system to grind to a halt. Defendants who appear to be 'blowing off' the complaint should expect neither sympathy nor leniency from the court." (citation omitted)). Accordingly, the first, fifth, sixth, and seventh *Eitel* factors either weigh in favor of, or do not preclude default judgment.

ii.    Second and Third <em>Eitel</em> Factors

The second and third *Eitel* factors—the merits of the claims and the sufficiency of the Complaint—also weigh in favor of granting default judgment. "These two factors are often analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover." *Zekelman*, 2020 WL 1495210, at *5 ("[C]ourts often consider the second and third [*Eitel*] factors to be the most important." (citation omitted)). When the complaint sufficiently states a claim for relief, these factors favor a default judgment. *See Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978); *Mosley v. Boston Mkt. Corp.*, No. CV-19-05890-PHX-SPL, 2020 WL 4464396, at *1 (D. Ariz. Aug. 4, 2020).

Plaintiff asserts unpaid overtime wage claims against Defendants in violation of the FLSA, 29 U.S.C. § 207. (Doc. 1 at 12–13, ¶¶ 71–78). "To establish a minimum-wage or overtime violation of the FLSA, Plaintiff must establish three elements: (1) [Plaintiff] was an employee of Defendants, (2) [Plaintiff] was covered under the FLSA, and (3) Defendants failed to pay [Plaintiff's] minimum wage or overtime wages." *Smith v. Nov. Bar N Grill LLC*, 441 F. Supp. 3d 830, 834 (D. Ariz. 2020) (citing 29 U.S.C. §§ 206(a), 207(a)). Plaintiff must allege at least one week where he worked more than forty hours and was not paid overtime wages for those hours. *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014); *see* 29 U.S.C. § 207(a).

As to the first element of Plaintiff's unpaid overtime claim, Plaintiff states he was Defendants' employee as defined by the FLSA. (Doc. 1 at 6, 11, ¶¶ 22, 65). The Complaint alleges that Defendants "had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants." (*Id.* at 4–5, ¶¶ 12, 14, 16). Plaintiff also pleads the second element because he alleges that he "was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in [2023 and] 2024." (*Id.* at 7, ¶¶ 29–30); *see Rodriguez v. Pride Dealer Servs. Inc.*, No. CV-23-01955-PHX-ROS, 2024 WL 1991443, at *2 (D. Ariz. May 6, 2024) ("An employee can be covered under the FLSA through (i) enterprise coverage if the employer has annual gross sales or business done greater than $500,000; or (ii) individual coverage if the employee is 'engaged in commerce or in the production of goods for commerce.'" (citing 29 U.S.C. §§ 203(s)(1)(A), 206(b))). Finally, as to the third element, Plaintiff alleges that he "worked in excess of 40 hours in a given workweek without receiving one and one-half times his regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a)." (Doc. 1 at 10, ¶ 58). Plaintiff submitted well-pled factual allegations—that Defendants failed to pay him one and one-half times his regular hourly rate of pay for each hour worked in excess of forty hours per work week—that, taken as true upon default, sufficiently show Defendants violated the FLSA.

6

Because Plaintiff's well-pled factual allegations must be taken as true, Plaintiff has stated a plausible claim for relief under the FLSA. Therefore, the second and third *Eitel* factors weigh in favor of default judgment.

### iii.    Fourth *Eitel* Factor

Under the fourth factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176; *see also Eitel*, 782 F.2d at 1471. "When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Zekelman*, 2020 WL 1495210, at *4 (citation omitted). Plaintiff seeks $450.00 in liquidated damages. (Doc. 18 at 9). The Court does not find this amount to be so "substantial or unreasonable" as to make default judgment inappropriate as the requested amounts are proportional to Defendants' failure to pay overtime wages. Plaintiff alleges that Defendants failed to pay him the overtime premium wage for approximately thirty hours of overtime. (*Id.* at 7). Considering Plaintiff's wage of $15 per hour and an overtime premium of $7.50 per hour, Plaintiff should have been paid $225.00 in overtime premium wages. (*Id.*). Plaintiff's requested damages accurately represent the amount of wages— doubled, as prescribed by the FLSA—that Defendants allegedly failed to pay Plaintiff. *See* 29 U.S.C. § 216(b). Plaintiff supports his calculation of damages with a sworn declaration. (Doc. 18-1). The Court has no reason to believe the requested damages are excessive. In light of the supporting documentation and the overall reasonableness of Plaintiff's requested relief, the Court finds the fourth *Eitel* factor weighs in favor of default judgment.

### c.  Relief Sought

Unlike the Complaint's other factual allegations, those pertaining to damages are not taken as true upon default. *Geddes*, 559 F.2d at 560; *see also Tolano v. El Rio Bakery*, No. CV-18-00125-TUC-RM, 2019 WL 6464748, at *6 (D. Ariz. Dec. 2, 2019) ("[A] '[p]laintiff is required to prove all damages sought in the complaint.'" (second alteration in original) (citation omitted)). A plaintiff must "provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the

complaint." *Fisher Printing Inc. v. CRG LTD II LLC*, No. CV-16-03692-PHX-DJH, 2018 WL 603299, at *3 (D. Ariz. Jan. 22, 2018) (citation omitted). Courts may rely on "declarations submitted by the plaintiff" in determining appropriate damages. *Tolano*, 2019 WL 6464748, at *6 (citation omitted).

Here, Plaintiff submitted a sworn declaration asserting that he did not receive the overtime premium wage for the approximately thirty hours of overtime work he completed for Defendants. (Doc. 18-1 at 4, ¶¶ 15, 17–18; *see also* Doc. 18 at 7). Based on these figures and an overtime premium rate of $7.50 per hour, which is one-half of Plaintiff's regular wage of $15 per hour, Plaintiff estimates that he is entitled to $225.00 in unpaid overtime premium wages. (Doc. 18-1 at 4, ¶¶ 17–19; Doc. 18 at 7); *see Bemejo v. Shaker Contractors, Corp.*, 22 Civ. 1427 (JPC), 2022 WL 17251667, *4 (S.D.N.Y. Nov. 28, 2022) ("[T]he measure of their damages for unpaid overtime is simply the difference between the regular rate and the higher overtime rate, multiplied by the number of overtime hours worked. And since the overtime rate equals one and one-half times the regular rate, that difference is simply half of the regular rate multiplied by the number of overtime hours worked."). An employer who fails to pay overtimes wages in violation of the FLSA shall be liable to the employee in the amount of their unpaid overtime wages "and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Thus, Plaintiff is entitled to double damages under the FLSA, for a total of $450.00 in liquidated damages. (Doc. 18-1 at 4, ¶¶ 20–21; Doc. 18 at 9); *see* 29 U.S.C. § 216(b). The Court finds that Plaintiff's requested relief accurately calculates the damages to which he is statutorily entitled and is supported by Plaintiff's declaration, despite the fact Plaintiff lacks complete time or pay records resulting in an estimated number of total overtime hours worked. *Ramirez v. Unique Transitional Homes Staffing LLC*, No. CV-23-01882-PHX-DGC, 2024 WL 1740020, at *4 (D. Ariz. Apr. 23, 2024) ("Plaintiff does not have complete time or pay records and therefore has estimated the number of work hours for which she has not been paid. The current record, however, contains no evidence negating the reasonableness of Plaintiff's estimates of her hours worked." (internal record citation omitted)).

8

Plaintiff has asked for post-judgment interest pursuant to 28 U.S.C. § 1961. (Doc. 18 at 11). Federal law governs post-judgment interest. *Northrop Corp. v. Triad In'l Mktg., S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988). Pursuant to 28 U.S.C. § 1961, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." Plaintiff is thus entitled to post-judgment interest as well.

Additionally, Plaintiff intends to file a motion to recover his attorneys' fees and costs incurred in this action upon entry of a default judgment. (Doc. 18 at 9–10). The FLSA provides that a court shall allow reasonable attorneys' fees and costs to be paid by the defendant in addition to any judgments awarded to a plaintiff. 29 U.S.C. § 216(b). This award is mandatory, but the amount of reasonable attorneys' fees to be granted is within the court's discretion. *Alzate v. Creative Man Painting LLC*, No. CV-13-02129-PHX-BSB, 2015 WL 789727, at *3 (D. Ariz. Feb. 25, 2015). The Court directs Plaintiff to file a motion for attorneys' fees and costs in accordance with FRCP 54(d), LRCiv 54.1, and LRCiv 54.2.

## III.   CONCLUSION

Having reviewed Plaintiff's Motion, and having considered the *Eitel* factors as a whole, the Court finds the entry of default judgment is appropriate.

**IT IS THEREFORE ORDERED:**

1. That Plaintiff's Motion for Default Judgment (Doc. 18) is **granted**. Default judgment, pursuant to FRCP 55(b)(2), is entered in favor of Plaintiff and against Defendants;

2. That Defendants are jointly and severally liable for **$450.00** in liquidated overtime damages pursuant to 29 U.S.C. § 216(b);

3. That Plaintiff is awarded post-judgment interest calculated at the applicable statutory rate pursuant to 28 U.S.C. § 1961(a);

///

///

///

///

9

4.  That Plaintiff shall have until **August 5, 2026**, to file a motion for attorneys' fees in accordance with FRCP 54(d)(2) and the Local Rules; and

5.  That the Clerk of Court shall enter judgment accordingly and **terminate** this action.

Dated this 23rd day of July, 2026.

Honorable Steven P. Logan
United States District Judge